**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**Chambers of**                                                    **101 West Lombard Street**
**Douglas R. Miller**                                          **Baltimore, Maryland 21201**
**United States Magistrate Judge**        **MDD_DRMChambers@mdd.uscourts.gov**
                                                                              **(410) 962-7770**


March 31, 2026


LETTER TO ALL COUNSEL OF RECORD


Re:   *Maurice S. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-3301-DRM


Dear Counsel:

On November 15, 2024, Plaintiff Maurice S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case, ECF No. 9, and the parties' briefs, ECF Nos. 12 and 17. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on October 19, 2020, alleging a disability onset of June 28, 2018. Tr. 23. Plaintiff's claims were denied initially and on reconsideration. Tr. 90-93. On July 25, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 42-61. Following the hearing, on September 6, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 20-35. The Appeals Council denied Plaintiff's request for review, Tr. 7-11, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on November 15, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Maurice S. v. Bisignano*
Civil No. 24-3301-DRM
March 31, 2026
Page 2

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 28, 2018. Tr. 25. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "posttraumatic stress disorders (PTSD); anxiety-related disorder; and depression." Tr. 25. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 26. The ALJ next determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform less than a full range of light work as defined in 20 CFR 404.1567(b). He is limited to performing postural movements frequently. He is limited to simple, routine, and low stress tasks with "low stress" defined as requiring work with no more than occasional change in the routine and work that allows him to avoid fast-paced tasks such as assembly line jobs involving production quotas. He is limited to occasional interaction with the public, coworkers and supervisors. He cannot work around hazards such as moving dangerous machinery and heights. He cannot operate a motor vehicle or train.

Tr. 28. The ALJ determined that Plaintiff was unable to perform past relevant work as a transit train operator (classified as a "bus driver," *see* U.S. Dep't of Labor, *Dictionary of Occupational Titles* § 913.463-010, 1991 WL 687823 (4th ed. 1991)) but could perform other jobs that existed in significant numbers in the national economy, such as laundry folder, marker, and electronics assembler. Tr. 34. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 35.

## III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640,

*Maurice S. v. Bisignano*
Civil No. 24-3301-DRM
March 31, 2026
Page 3

642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    ANALYSIS

On appeal, Plaintiff argues that both the RFC assessment and the ALJ's evaluation of Plaintiff's subjective complaints were flawed. He contends that the ALJ failed in several ways to perform the function-by-function analysis required by Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996), and *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), for an RFC determination. First, Plaintiff alleges that the ALJ did not address his ability to sustain work activities for a full workday. ECF No. 12 at 5-6. Next, Plaintiff contends that the ALJ did not provide a narrative discussion explaining how the evidence supported each conclusion, in particular how the evidence supported the conclusion that Plaintiff could perform "less than a full range of light work." *Id.* at 6-10. Third, Plaintiff argues that the ALJ failed to incorporate the moderate mental limitations identified by his treating provider, Regina Afriyie, PMHNP, whose opinions the ALJ found persuasive. *Id.* at 10-12; *see* Tr. 505-06. Plaintiff maintains that this omission is significant because the identified jobs require Reasoning Level 2, inconsistent with his documented limitations. ECF No. 12 at 11.

Turning to his subjective complaints argument, Plaintiff argues that the ALJ applied the wrong legal standard by requiring objective corroboration of Plaintiff's PTSD, anxiety, and depression symptoms, thereby improperly increasing his burden of proof. *Id.* at 12-16. He additionally argues that the ALJ did not adequately address the intensity and persistence of Plaintiff's symptoms or explain how the cited evidence undermined his testimony. *Id.* at 16-18. Plaintiff therefore contends that remand is required for a proper evaluation of his RFC and subjective complaints.

The Commissioner responds that the ALJ's decision should be affirmed because it is supported by substantial evidence. Specifically, the Commissioner contends that the ALJ properly evaluated the record and built a logical bridge between the evidence and his RFC finding, citing generally unremarkable mental status exams, improvement with conservative treatment, and Plaintiff's own reports of stability on medication. ECF No. 17 at 6-8. The Commissioner maintains that the RFC inherently reflects Plaintiff's ability to perform work on a regular and continuing basis. *Id.* at 10-12. The Commissioner further asserts that the ALJ reasonably evaluated the medical opinions, crediting only those portions consistent with the record, and properly assessed Plaintiff's subjective complaints under SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016) and 20 C.F.R. § 404.1529, distinguishing *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) and *Oakes v. Kijakazi*, 70 F.4th 207, 215 (4th Cir. 2023) because the ALJ did not require objective proof of symptoms. Accordingly, the Commissioner contends the decision should be affirmed.

*Maurice S. v. Bisignano*
Civil No. 24-3301-DRM
March 31, 2026
Page 4

This opinion focuses on Plaintiff's argument that the ALJ applied the wrong legal standard by requiring objective corroboration of Plaintiff's symptoms, specifically his depression symptoms, thereby improperly increasing the burden of proof.

An ALJ properly analyzes subjective complaints by using a two-part test. *See Craig*, 76 F.3d at 594–95. First, the ALJ must assess the objective medical evidence and determine whether the plaintiff has a medically determinable impairment that could reasonably be expected to produce the pain or symptoms alleged. 20 C.F.R. §§ 404.1529(b), 416.929(b); SSR 16-3p, 2016 WL 1119029, at *4. Second, if the ALJ finds a medically determinable impairment, the ALJ assesses the plaintiff's symptoms to determine how the symptoms' intensity and persistence affect the plaintiff's ability to work. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c). At the second step, "there need not be objective evidence of the pain [or symptoms] itself or its intensity." *Arakas*, 983 F.3d at 95 (quoting *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989)).

Because "disability benefits can be awarded on the sole basis of an objective impairment and derivative subjective pain" or symptoms, a claimant may "rely exclusively on subjective evidence" at the second step. *Oakes*, 70 F.4th at 215 (quoting *Arakas*, 983 F.3d at 96). Thus, "an ALJ applies the incorrect legal standard in discrediting complaints 'based on [a] lack of objective evidence corroborating them.'" *Id.* (quoting *Arakas*, 983 F.3d at 96) (brackets in original); *accord* SSR 16-3p, 2017 WL 5180304, at *5 ("[W]e will not disregard an individual's statements about [their] symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."). Instead, and with a restriction discussed below, the ALJ is required to balance the record evidence as "[a] report of . . . inconsistencies in the objective medical evidence is one of the many factors . . . consider[ed] in evaluating" this prong. *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 360 (4th Cir. 2023) (quoting SSR 16-3p, 2016 WL 1119029, at *5).

Where a Plaintiff suffers from fibromyalgia or chronic depression, an additional restriction applies. In *Arakas*, the Fourth Circuit stated:

> we join those circuits by holding that ALJs may not rely on objective medical evidence (or the lack thereof)—*even as just one of multiple factors*—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence. Objective indicators such as normal clinical and laboratory results simply have no relevance to the severity, persistence, or limiting effects of a claimant's fibromyalgia, based on the current medical understanding of the disease.

*Arakas*, 983 F.3d at 97 (emphasis added).

In *Shelley* C., the Fourth Circuit extended the holding of *Arakas* to "depression—particularly chronic depression," holding that it was "one of those other diseases" that does not produce objective medical evidence. *Shelley C.*, 61 F.4th at 360-61. This is because

*Maurice S. v. Bisignano*
Civil No. 24-3301-DRM
March 31, 2026
Page 5

the DSM-V declares that "no laboratory test has yielded results of sufficient sensitivity and specificity to be used as a diagnostic tool for [Major Depressive Disorder]." But most importantly, "[s]ymptoms caused by major depression can vary from person to person." Stated differently, symptoms of MDD, like those of fibromyalgia, are "entirely subjective," determined on a case-by-case basis.

*Id.* at 361 (citations omitted).

However, *Arakas and Shelley C.* do not foreclose an ALJ's ability to "weigh[] [a] [p]laintiff's subjective complaints against other evidence in the record," such as by "compar[ing] [a] [p]laintiff's hearing testimony to her previous statements, including those made during medical visits with her primary care provider and her statements regarding her activities of daily living . . . . Such weighing remains permissible under *Shelley C.* and *Arakas.*" *Lasharne W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-21-2603, 2023 WL 2414497, at *4 (D. Md. Mar. 8, 2023). *See Kimberly S. v. Comm'r, Soc. Sec.,* No. EA-23-1404, 2024 WL 5007372, at *7 (D. Md. Dec. 3, 2024) (ALJ's finding that plaintiff's "own subjective reports of improvement [of depression symptoms] with treatment and independent daily activities were inconsistent with the disabling limitations she alleged" was not impermissible reliance on absence of objective medical evidence.)

Here, at the first step, the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]" Tr. 29. At the second step, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 29. Plaintiff contends this second step was undertaken in error. Specifically, Plaintiff argues that the ALJ "never addressed the fact that disability benefits can be awarded on the sole basis of an objective impairment and derivative subjective pain, and effectively required the Plaintiff to corroborate his subjective complaints of pain with objective medical evidence." ECF No. 12 at 17.

As an initial matter, the Court finds that Plaintiff's medically determinable impairment "depression," Tr. 25, falls within *Shelley C.*'s extension of the *Arakas* holding.[3] Therefore, the ALJ could not "rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount [Plaintiff's] subjective complaints regarding symptoms" of these disorders. *Arakas*, 983 F.3d at 97.

---

[3] The plaintiff in *Shelley C.* had Major Depressive Disorder, 61 F.4th at 346, but the court expressed its holding as applying more broadly to "depression—particularly chronic depression." *Id.* at 361. The chronic nature of Plaintiff's depression in the instant case is evident from the ALJ's statement in September, 2023, that "[m]edical records confirm that claimant has a history of PTSD, depression, and anxiety disorders *following a work accident in June 2018* during which a person was killed while claimant was operating a train (4E/8)." Tr. 29 (emphasis added). Additionally, the record page cited by the ALJ (Ex. 4E at 8) describes the condition at issue as "Persistent Depressive Disorder with Persistent Major Depressive Disorder, Moderate (Chronic, Moderate Major Depressive Disorder)." Tr. 205.

*Maurice S. v. Bisignano*
Civil No. 24-3301-DRM
March 31, 2026
Page 6

The Court finds that the ALJ at times engaged in the analysis forbidden by *Arakas* and *Shelley C.* by discounting Plaintiff's subjective mental health symptoms from depression based on objective indicators. In his hearing testimony, Plaintiff testified that his "disabling psychological symptoms" from PTSD, anxiety, depression, and panic attacks "affect his ability to hold down any job." Tr. 29. The ALJ ultimately discounted this assertion, finding Plaintiff capable of performing light work with some additional limitations. In so doing, the ALJ engaged in some permissible evaluation of Plaintiff's subjective complaints, including reviewing statements Plaintiff made to medical providers about his symptoms and his daily activities. *See Kimberly S.*, 2024 WL 5007372, at \*7; *Lasharne W.*, 2023 WL 2414497, at \*4.

However, the ALJ also relied on ostensibly normal clinical findings to undermine the severity of Plaintiff's symptoms. He pointed to an exam showing "grossly intact memory and intact concentration," Tr. 30, and to "[m]ore recent mental status exams indicat[ing] claimant has had normal psychomotor activity, coherent speech, logical thought process, normal thought content, normal cognition, normal insight, good memory, good judgment, average intelligence, and no signs of attention difficulties, suggesting no significant problems performing simple, routine tasks (3F-5F)." *Id.*

The ALJ relied repeatedly on the mental status exam results in Exhibits 3F, 4F, and 5F, which are treatment records from Covenant Psychiatric and Mental Health Services (Tr. 415-502): to find that "claimant can understand, remember, carry out, and sustain attention to complete simple, routine tasks that do not involve fast-paced tasks and do not involve more than occasional change in the routine," Tr. 30; to find that "claimant can tolerate occasional interaction with others in the workplace," *Id.*; to find persuasive a State psychological consultant's opinions including that claimant had only moderate limitations in all "paragraph B" criteria,[4] Tr. 31; to find unpersuasive a provider's opinion that Plaintiff "could only pay attention for 20 minutes and could not deal with stress in a job," Tr. 33; and to find persuasive a provider's opinion that Plaintiff had only mild, not marked or extreme, limitations in a number of functional areas. *Id.*

This reasoning mirrors the error identified in *Shelley C.*, where the Fourth Circuit held that reliance on normal mental status examinations to discount subjective symptoms of depression constitutes improper reliance on objective evidence. 61 F.4th at 360–61. Accordingly, the Court must find error here, and remand.[5]

---

[4] To meet or equal the "Paragraph B" criteria under any of the Listings considered by the ALJ at step three, Plaintiff would need to have one extreme limitation or two marked limitations in a broad area of functioning; moderate limitations would not qualify. Tr. 26; see 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04, 12.06, 12.15.

[5] The Court is mindful that Plaintiff suffers from other psychological impairments to which the Fourth Circuit has not, to date, extended the holding of *Arakas*. For these other conditions, it was not improper for the ALJ to consider objective medical evidence as one factor in the evaluation of Plaintiff's subjective statements about his symptoms. But the ALJ discusses the psychological impairments collectively, and so it is generally not possible to say that particular statements in the

*Maurice S. v. Bisignano*
Civil No. 24-3301-DRM
March 31, 2026
Page 7

Because the case is being remanded on the foregoing grounds, the Court need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.  CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge

---

decision exclude Plaintiff's depression and apply only to the other disorders. On remand, the ALJ may consider conducting the 20 C.F.R. §§ 404.1529(c) analysis of Plaintiff's depression-related symptoms separately from those of other disorders, to avoid any ambiguity that the discussion of objective medical evidence is confined to disorders which are not subject to the restriction of *Arakas* and *Shelley C.*